IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEICO GENERAL INSURANCE COMPANY,

    Plaintiff,

v.                                      Civil Action No. 5:05CV179
                                                  (STAMP)

EDWARD SHURAK, MARY MCFARLAND,
ANNETT MCFARLAND, DAMIAN RANDISI,
KRISTA JENKINS, KASANDRA KASTEN
and MARK HOLLOWAY,

    Defendants,

and

MOTORISTS MUTUAL INSURANCE COMPANY,

    Intervenor-Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTORISTS MUTUAL INSURANCE COMPANY'S
## MOTION TO INTERVENE

On October 28, 2005, Geico General Insurance Company ("GEICO") filed a complaint for interpleader, pursuant to 28 U.S.C. § 1335 against the defendants Edward Shurak, Mary McFarland, Annett McFarland, Damian Randisi, Krista Jenkins, Kasandra Kasten and Mark Holloway for proper distribution of the proceeds of a liability insurance policy issued by GEICO. On December 22, 2005, Motorists Mutual Insurance Company ("Motorists"), Mary McFarland's underinsured motorists carrier, filed a "proposed answer"[1] to the

---

[1] This "proposed answer" was filed by the Clerk even though the motion to intervene had not yet been ruled upon. This "proposed answer" will, with the granting of Motorists' motion to intervene, be deemed the answer of Motorists as an intervening defendant.

complaint. That same day, Motorists filed a motion to intervene in the above-styled civil action under Federal Rule of Civil Procedure 24. To date, no objections have been filed to this motion.

## II. Facts

In November 2003, Mark Holloway was driving a Porsche owned by Kasandra Kasten. Damian Randisi and Krista Jenkins were passengers in the Porsche. Along the intersection of Route 705 and Patterson Drive, in Monogalia County, West Virginia the Porsche rear-ended a Ford Taurus driven by Edward Shurak. Mary McFarland and Annett McFarland were passengers in the Ford Taurus. As a result of the automobile accident, various individuals have alleged damages and personal injuries.

GEICO is the insurance carrier for Kasandra Kasten. Motorists is the underinsured motorist carrier for Mary McFarland. Motorists seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a), or alternatively, to intervene with the permission of this Court under Federal Rule of Civil Procedure 24(b)(2).

## III. Applicable Law

A. Federal Rule of Civil Procedure 24(a)(2)

Rule 24(a)(2) allows intervention of right when

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2) (2000). The Fourth Circuit has interpreted Rule 24(a)(2) to entitle an applicant to intervene as a matter of right if the applicant can show: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." Teague v. Bakker, 931 F.2d 259, 260 (4th Cir. 1991).

1. Interest in the Subject Matter of the Action

The Supreme Court has stated that the "interest" described in Rule 24(a)(2) is a "significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971). However, courts have applied different standards in determining whether a "significantly protectable interest" exists. The Fourth Circuit noted in Teague v. Bakker that

> [s]ome courts have concluded that an intervenor must demonstrate more than "a mere provable claim" in order to be entitled to intervention of right, while others have allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation.

931 F.2d at 261. However, "Fourth Circuit precedent clearly establishes that intervention of right is not contingent upon reducing an underlying claim to judgment." T.H.E. Ins. Co. v. E&H Transport, Inc., 1997 U.S. Dist. LEXIS 14533, *6-*7 (E.D.N.C. Aug. 19, 1997).

2. Protection of the Interest to Be Impaired

3

This element of the test requires a court to determine the practical consequences of the litigation. As stated by the Third Circuit, "[i]ncidental effects on legal interests are insufficient; 'rather, there must be a 'tangible threat' to the applicant's legal interest.'" Development Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 162 (3rd Cir. 1995) (quoting Brody v. Spang, 957 F.2d 1108, 1122-23 (3d Cir. 1992)). Courts have found that the possibility of a subsequent collateral attack by the applicant does not necessarily preclude the finding of impairment. See, e.g., Development Fin. Corp., 54 F.3d at 158.

### 3. Inadequacy of Representation By Parties

The Fourth Circuit has previously stated that, while there is a presumption of adequate representation in some cases, the burden of demonstrating lack of adequate representation "'should be treated as minimal.'" Teague, 931 F.2d at 262 (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)). Thus, the requirement is satisfied if the representation of the intervenor's interests by the original parties "may be inadequate." Trbovich, 404 U.S. at 538. Moreover, the Fourth Circuit has found that an intervenor's interest is not adequately represented when the defendants' ability to defend the action is questionable and "they might be less vigorous than the . . . [i]ntervenors in defending their claims . . . ." Teague, 931 F.2d at 262.

### B. Timeliness of Application

Whether intervention is sought under Rule 24(a)(2) the movant's application must be submitted in a timely manner. <u>NAACP v. New York</u>, 413 U.S. 345, 365 (1973). In determining whether such application is timely, courts generally consider: "(1) the purposes for which intervention is sought; (2) whether the person seeking intervention moved promptly when he knew or should have known of his interest in the case; (3) prejudice, if any, to the existing parties if the intervention is allowed; (4) prejudice, if any, to the movant if intervention is denied; and (5) the existence of special circumstances militating for or against the particular intervention sought." <u>Lane v. Bethlehem Steel Corp.</u>, 93 F.R.D. 611, 616 (D. Md. 1982).

## IV. <u>Discussion</u>

This Court finds that Motorists is permitted to intervene in the above-styled civil action pursuant to Federal Rule of Civil Procedure 24(a)(2).

Motorists has a substantial interest in this civil action because it may be liable to Mary and Annett McFarland and Edward Shurak for any amount of damages that exceeds the limits of the GEICO insurance policy proceeds that they may receive from this complaint. This Court also finds that denial of intervention would impair Motorists ability to protect its legal interest. Motorists has an interest in protecting both the rights of its insured and the rights of Mary and Annette McFarland and Edward Shurak, all of

5

which can be impaired by the distribution of GEICO's insurance policy proceeds. Accordingly, Motorists would be unable to protect its interest in the distribution of GEICO's insurance policy proceeds if it were denied intervention in this civil action.

Moreover, Motorists cannot be adequately represented by any other party involved in the above-styled civil action. The Fourth Circuit has found that an intervenor's interest is not adequately represented when the defendants' ability to defend the action is questionable and "they might be less vigorous than the . . . [i]ntervenors in defending their claims . . . ." Teague, 931 F.2d at 262. This Court finds that none of the defendants can vigorously defend Motorists' interests. Motorists is the underinsured carrier for Mary McFarland. Mary McFarland and Edward Shurak are represented by the same attorney, Jacob Robinson, which could create a conflict of interest among the parties. Motorists asserts, and this Court agrees, that Motorists is in the best position to argue which individuals should recover damages from GEICO's insurance policy proceeds.

Finally, Motorists' motion was not untimely, as the underlying action is currently in the discovery phase. In addition, the parties cannot claim prejudice because they have filed no objections to Motorists' intervention. Generally, any objections must be alleged and proven in order to be taken into account in this analysis -- a court will not assume them.

Accordingly, Motorists has met all the requirements set forth in Rule 24(a)(2) of the Federal Rules of Civil Procedure and Motorists's motion to intervene is granted.

V. Conclusion

For the reasons stated above, this Court hereby GRANTS Motorists Mutual Insurance Company's motion to intervene pursuant to Federal Rules of Civil Procedure 24(a)(2). The Clerk is DIRECTED to add Motorists Mutual Insurance Company as a defendant in the above-styled civil action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and counsel for Motorists Mutual Insurance Company, Bradley Shafer, Steptoe and Johnson, PLLC, P.O. Box 751, Wheeling, WV 26003.

DATED: May 3, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE